

Search for Cases by:   Select Search Method...   ▪

| Judicial Links | eFiling | Help | Contact Us | Print | | Logon |

## 1322-AC03955 - DENNIS M BOEHLE V TORRES CREDIT SERVICES (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending ◯ Ascending     Display Options: All Entries   ▪

| | |
|---|---|
| 03/25/2013 | **Judge/Clerk - Note** |
| | SUMMONS NOT ISSUED FOR SPECIAL DUE TO SPECIAL PROCESS SERVER NOT ON AUTHORIZED LIST AND NOT SIGNED BY JUDGE. |
| | **Summons Issued-Associate** |
| | Document ID: 13-ADSM-3636, for TORRES CREDIT SERVICE. |
| 03/19/2013 | **Hearing Scheduled** |
| | Scheduled For: 04/24/2013;  9:30 AM ;  CHRISTOPHER EDWARD MCGRAUGH;  City of St. Louis |
| | **Pet Filed in Associate Ct** |
| | **Judge Assigned** |

Case.net Version 5.13.2.2      Return to Top of Page      Released 12/14/2012

EXHIBIT A
4/22/2013



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 1322-AC03955 |
|---|---|
| Plaintiff/Petitioner:<br>DENNIS M BOEHLE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 North Taylor<br>St Louis, MO  63108 |
| Defendant/Respondent:<br> TORRES CREDIT SERVICE | Date, Time and Location of Court Appearance:<br>24-APR-2013, 09:30 AM<br>**Division 27** |
| Nature of Suit:<br>AC Other Tort | **CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101** |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to:  TORRES CREDIT SERVICE
                         Alias:

27 FAIRVIEW STREET                                    CUMBERLAND,COUNTY PA.
C/O DAVID BUCHER RAGT
CARLISE, PA  17013

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

March 25, 2013
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Service must not be made less than ten days nor more than thirty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)          Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION

FILED

19 2013

22ⁿᵈ JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | | |
|---|---|---|
| DENNIS M. BOEHLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | **1322-AC 03455** |
| TORRES CREDIT SERVICES | ) | |
| | ) | DIVISION |
| Serve at: | ) | |
| David Bucher or Registered Agent | ) | |
| 27 Fairview Street | ) | |
| Carlisle, PA 17013 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, Dennis M. Boehle ("Plaintiff"), and for his Petition for Damages states as follows:

## INTRODUCTION

1.     This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.     Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of the FDCPA claims under 15 U.S.C. § 1692k(d).   Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis City, Missouri.

1

## PARTIES

4.    Plaintiff is a natural person currently residing in St. Louis City, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. To the best of Plaintiff's knowledge, the alleged debt arises out of home utility services.

5.    Defendant Torres Credit Services ("Defendant") is a foreign corporation with its principal place of business in Carlisle, Pennsylvania. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6.    Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC § 1692a(6)*.

## FACTS

7.    Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months, and Defendant's efforts continue to the time of this Petition.

8.    Defendants' collection efforts consisted of a negative entry on Plaintiff's credit report and a telephone conversation with Plaintiff. Plaintiff has never received any written correspondence from Defendant as of the date of this Petition.

9.    In March of 2013, Plaintiff noticed that Defendant placed a negative entry on Plaintiff's credit report.

10.     Plaintiff never received any written communication from Defendant about the alleged debt and thus had no idea who Defendant was or why it made a negative entry on his credit report.

11.     Upon discovery of Defendant's negative entry, Plaintiff immediately contacted Defendant to obtain more information about the alleged debt and credit reporting.

12.     During Plaintiff's phone call with Defendant, Defendant conceded that it had been sending its collection notices to an address at which Plaintiff had not lived for several years.

13.     To the best of Plaintiff's knowledge, the debt was far in excess of any amount he ever owed the utility company while he was staying at the address Defendant had on file and Plaintiff therefore intended to dispute the debt.

14.     Defendant's tone during the phone call was insulting, short-tempered, and dismissive of Plaintiff.

15.     Upon information and belief, Defendant received Plaintiff's collection notices as returned mail and knew, or had reason to know, that Plaintiff was not at the address that Defendant used.

16.     Specifically, Plaintiff's valid address was readily available via the very same credit reporting agencies to which Defendant reported Plaintiff's debt.

17.     During the phone call with Defendant, Plaintiff attempted to give his correct address during; however, Defendant refused to accept the new address or send a new letter and instead demanded payment of the alleged debt as Plaintiff's only possible course of action.

3

18.     Further, during the phone call with Plaintiff, Defendant acted in a harassing and abusive manner and angrily hung up on Plaintiff while he was merely trying to get a collection notice about the alleged debt so he could dispute it.

19.     Because Defendant had not sent any letters to Plaintiff's proper address and thus failed to provide notice of the alleged debt to Plaintiff, Plaintiff's thirty (30) day period in which to exercise his rights pursuant to 15 U.S.C. § 1692g had not even begun to toll.

20.     Thus, Plaintiff's § 1692g rights were undeniably in effect throughout the events of this Petition.

21.     Defendant's negative entry on Plaintiff's credit report and payment demands in the March 2013 call overshadowed Plaintiff's dispute, validation, and verification rights as provided in 15 U.S.C. § 1692g.

22.     Defendant's above-described conduct caused Plaintiff to believe that he could not exercise his dispute rights or that such an exercise would not be honored.

23.     Plaintiff never agreed to arbitrate any disputes with Defendant.

24.     Defendant's conduct has caused Plaintiff to suffer actual damages including but not limited to anxiety, sleeplessness, and worry.

## COUNT I: VIOLATIONS OF THE FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempt to collect the alleged debts from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC § 1692 et. seq.*, including, but not limited to, the following:

4

a.    Overshadowing Plaintiff's dispute, validation, and verification rights.  15

U.S.C. § 1692g; and

b.    Engaging in conduct the natural consequence of which was to harass,

oppress or abuse Plaintiff in connection with the collection of an alleged debt.    15

U.S.C. § 1692d.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

against Defendant and in favor of Plaintiff for:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15

U.S.C. § 1692(k); and

D.    For such other relief as the Court may deem just and proper.


**VOYTAS & COMPANY**

RICHARD A. VOYTAS, JR. #52046
NATHAN K. BADER, #64707
JENNIFER R. DESCHAMP #58594
VOYTAS & COMPANY
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:    (314) 667-3161